80,640-02

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 07 2015

Abel Acosta, Clerk

**W366-81879-09-HC**

| Ex parte Paul Clarence Bailey | § | In the |
| | § | |
| | § | 366th Judicial District Court |
| | § | |
| | § | of Collin County, Texas |

## Order

The Court, having reviewed Applicant's Application for Writ of Habeas Corpus and the State's Response, FINDS that:

1) Applicant's claim that the audio evidence was tampered with is not cognizable on writ of habeas corpus;

2) Applicant has merely alleged that the 911 operator did not follow proper protocol;

3) Applicant has not met his burden of proof that the 911 operator's testimony was false;

4) Officer Greer testified that he went to Applicant's home to conduct a welfare check on him after Applicant's son called police;

5) Officer Greer testified that he did not park in front of Applicant's house, that he did not have his lights on, that he did not wait for backup, and that he did not announce himself as a police officer;

1

6) Officer Greer testified that it was possible that Applicant did not realize he was a police officer and that this fact was the reason this case was not charged as aggravated assault of a public servant;

7) The report from Nicholas D'Ombrain is not credible;

8) Mark Byrd's affidavit is not credible;

9) Mutee Rahman's affidavit is not credible;

10) Christopher Bell's affidavit is not credible;

11) Everett Stern's report is not credible;

12) The audio from Officer Greer's microphone was played for the jury at trial;

13) Applicant's trial counsel and Officer Greer noted the sound of the gunshot at trial;

14) Officer Greer testified that there is a noise prior to the gunshot on the audio recording from his microphone prior to the gunshot;

15) Applicant testified that he shouted a warning to his son before shooting his gun at his front door;

16) Applicant has not met his burden of proof by a preponderance of the evidence that the jury was misled by Officer Greer's testimony;

2

17)   Applicant's argument that his own defensive witnesses provided a false report that was not presented at trial is not cognizable on writ of habeas corpus;

18)   Applicant has not specified what the alleged breach of protocols by the 911 operator and police officers were or how the evidence would have benefitted him;

19)   Applicant has not shown by a preponderance of the evidence that counsel's failure to point out the breaches was deficient;

20)   Applicant has not shown by a preponderance of the evidence that the outcome of the trial would have been different had counsel pointed out the alleged breaches;

21)   Officer Greer testified that it was possible that Applicant did not see that he was a police before he shot and this fact is the reason Applicant was not charged with aggravated assault of public servant;

22)   Applicant has not shown by a preponderance of the evidence that trial counsel was ineffective for failing to impeach Officer Greer with evidence that Officer Greer knew Applicant did not know he was a police officer;

3

23)    Applicant has not shown by a preponderance of the evidence that the outcome of the trial would have been different had trial counsel sought to impeach Officer Greer with evidence that Applicant knew he was not a police officer;

24)    Applicant does not identify an evidence that the State failed to turn over or how he was prejudiced by the failure;

25)    Applicant has not shown by a preponderance of the evidence that counsel was deficient for failing to challenge the State's failure to turn over the evidence;

26)    Applicant has not shown by a preponderance of the evidence that the outcome of the trial would have been different had counsel challenged the State's failure to turn over evidence;

27)    Applicant does not explain how trial counsel sabotaged him;

28)    Applicant has not shown by a preponderance of the evidence that trial counsel was deficient for the sabotage;

29)    Applicant has not shown by a preponderance of the evidence that the outcome of the trial would have been different had counsel not sabotaged him;

4

30) Counsel Mark Ledbetter is an officer of the court, well known to the court, and credible;

31) The affidavit provided by counsel Ledbetter is credible;

32) Counsel Gregg Gibbs is an officer of the court, well known to the court, and credible;

33) The affidavit provided by counsel Gibbs is credible;

34) Counsel Ledbetter was primarily responsible for investigating whether the audio had been tampered with;

35) Counsel Ledbetter received a copy of the report conducted by an expert hired by Applicant's prior counsel that indicated that the recording had not been tampered with or erased;

36) Counsel Ledbetter and counsel Gibbs hired their own expert to examine the audio recording;

37) The expert hired by counsel Ledbetter and counsel Gibbs found that there was no tampering with the audio and the period of silence was a dropout caused by radio frequency interference with the body microphone;

38) The report from Nicholas D'Ombrain is not credible;

39) Mark Byrd's affidavit is not credible;

5

40)    Mutee Rahman's affidavit is not credible;

41)    Christopher Bell's affidavit is not credible;

42)    Everett Stern's report is not credible;

43)    Applicant has not shown by a preponderance of the evidence that trial counsel was deficient for failing to have the audio evidence analyzed; and

44)    Applicant has not shown by a preponderance of the evidence that the outcome of the trial would have been different had counsel had the evidence analyzed.

Accordingly, this Court recommends that the Court of Criminal Appeals **DENY** Applicant's Application.

**IT IS ORDERED** that the Clerk of this Court shall send copies of the Order to: (1) the Court of Criminal Appeals; (2) Paul Clarence Bailey, TDCJ # 1833504, Lynaugh Unit, 1098 South Highway 2037, Fort Stockton, TX 79735; and (3) the Appellate Division of the Collin County Criminal District Attorney's Office.

6

**IT IS FURTHER ORDERED** that the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of Applicant's Application, the State's Response, and this Order.

6/4/15

SIGNED this _____ day of _____, 2015.

_____
JUDGE PRESIDING

7